UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\------------------------------------------------------------- x

SHAVEZ JACKSON, individually and on behalf
of others similarly situated,

                    Plaintiffs,

                 - v -

BLOOMBERG L.P.

                  Defendant.

\-------------------------------------------------------------X

Case No. 13-cv-02001 (JPO)

Electronic Filing

ANSWER OF DEFENDANT
BLOOMBERG L.P. TO FIRST
AMENDED CLASS ACTION
AND COLLECTIVE ACTION
COMPLAINT

      Defendant Bloomberg L.P., ("Bloomberg") by and through its undersigned

counsel, Willkie Farr & Gallagher LLP, hereby answers Plaintiff's Complaint (the "Complaint")

as follows:

<u>AS TO "INTRODUCTION"</u>

      1.     Bloomberg denies the allegations of Paragraph 1 of the Complaint, except

admits that Plaintiff purports to sue under the Fair Labor Standards Act and the New York Labor

Law and admits that Bloomberg paid Plaintiff and putative class members a salary and did not

pay time and one half premium for hours worked over forty.  For the avoidance of doubt,

Bloomberg denies any such payments were required by law.

      2.     Bloomberg admits that Plaintiff seeks the relief described in Paragraph 2

of the Complaint, and denies that she or anyone she purports to represent is entitled to that or any

other relief.

AS TO "JURISDICTION"

3.      Bloomberg respectfully submits that Paragraph 3 of the Complaint states a legal conclusion as to which no response is necessary.  Notwithstanding that, Bloomberg admits that Plaintiff purports to base jurisdiction regarding her claims under the Fair Labor Standards Act on the federal statutes and principles cited in Paragraph 3 of the Complaint.

4.      Bloomberg respectfully submits that Paragraph 4 of the Complaint states a legal conclusion as to which no response is necessary.  Notwithstanding that, Bloomberg admits that Plaintiff purports to base jurisdiction regarding her New York Labor Law claims on the principle of supplemental jurisdiction under 28 U.S.C. Section 1367(a).

AS TO "VENUE"

5.      Bloomberg respectfully submits that Paragraph 5 of the Complaint states a legal conclusion as to which no response is necessary.  Notwithstanding that, Bloomberg admits that it resides in this judicial district and that it employed Plaintiff in this judicial district, but denies that it committed any acts, whether in this judicial district or elsewhere, that give rise to Plaintiff's claims, or that caused injury to Plaintiff or any purported class.

AS TO "PARTIES"

6.      Bloomberg admits the allegations of Paragraph 6 of the Complaint, except that it denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint that Ms. Jackson executed the Consent to Sue annexed to the Complaint.

7.     Bloomberg denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.     Bloomberg respectfully submits that the allegations of Paragraph 8 of the Complaint are too vague and indefinite to allow a response, and on that basis Bloomberg denies the allegations in Paragraph 8 of the Complaint.

9.     Bloomberg admits that Plaintiff purports to represent a class of individuals as set forth in Paragraph 9 of the Complaint, but denies that this case is properly maintained as a class or collective action, denies that the named Plaintiff is an appropriate representative of any other individuals, and denies that the named Plaintiff or any purported class is entitled to the relief requested in the Complaint.

10.    Bloomberg respectfully submits that Paragraph 10 of the Complaint merely purports to define a term used in the Complaint, and that a response is therefore not required.  For the avoidance of doubt, Bloomberg denies that this action is properly brought as a collective action or a class action under the statutes referenced.

11.    Bloomberg admits that Plaintiff purports to represent a class of individuals as set forth in Paragraph 11 of the Complaint, but denies that this case is properly maintained as a class or collective action, denies that the named Plaintiff is an appropriate representative of any other individuals, and denies that the named Plaintiff or any purported class is entitled to the relief requested in the Complaint.

12.    Bloomberg admits that the named Plaintiff purports to represent a class of individuals as set forth in Paragraph 12 of the Complaint, but denies that this case is properly

maintained as a class or collective action, denies that the named Plaintiff is an appropriate representative of any other individuals, and denies that the named Plaintiff or any purported class is entitled to the relief requested in the Complaint.

13.     Bloomberg denies the allegations in Paragraph 13 of the Complaint.

14.     Bloomberg respectfully submits that Paragraph 14 of the Complaint sets forth a legal conclusion and, therefore, a response is not required.  Notwithstanding that, Bloomberg denies the allegations in Paragraph 14 of the Complaint.

15.     Bloomberg respectfully submits that Paragraph 15 of the Complaint sets forth a legal conclusion and, therefore, a response is not required.  Notwithstanding that, Bloomberg denies the allegations in Paragraph 15 of the Complaint.

16.     Bloomberg respectfully submits that Paragraph 16 of the Complaint sets forth a legal conclusion and, therefore, a response is not required.  Notwithstanding that, Bloomberg denies the allegations in Paragraph 16 of the Complaint.

17.     Bloomberg respectfully submits that Paragraph 17 of the Complaint sets forth a legal conclusion and, therefore, a response is not required.  Notwithstanding that, Bloomberg denies the allegations in Paragraph 17 of the Complaint.

18.     Bloomberg admits the allegations in Paragraph 18 of the Complaint, except for purposes of clarity states that it is a limited partnership formed under the laws of the State of Delaware.

19.     Bloomberg denies that the allegations in Paragraph 19 of the Complaint.

20.     Bloomberg admits the allegations in Paragraph 20 of the Complaint.

21.     Bloomberg admits the allegations in Paragraph 21 of the Complaint.

<u>AS TO "FACTS"</u>

22.     Bloomberg admits the allegation in Paragraph 22 of the Complaint.

23.     Bloomberg admits the allegation in Paragraph 23 of the Complaint.

24.     Bloomberg admits the allegation in Paragraph 24 of the Complaint that Plaintiff Jackson was a Global Customer Support Representative between approximately February 2008 and September 2010, but denies that the specific dates alleged in the Complaint are accurate.

25.     Bloomberg denies the allegations in Paragraph 25 of the Complaint.

26.     Bloomberg denies the allegations in Paragraph 26 of the Complaint, except admits that Plaintiff held the position of Global Customer Service Representative and purports to represent a class of individuals who also held the position of Global Customer Service Representative.

27.     Bloomberg denies the allegations in Paragraph 27 of the Complaint.

28.     Bloomberg denies the allegations in Paragraph 28 of the Complaint.

29.     Bloomberg denies the allegations in Paragraph 29 of the Complaint, except admits that Global Customer Support Representatives generally were expected to be

logged onto Bloomberg's computer system promptly at the beginning of their regularly scheduled work hours.

30.     Bloomberg denies the allegations in Paragraph 30 of the Complaint.

31.     Bloomberg denies the allegations in Paragraph 31 of the Complaint.

32.     Bloomberg denies the allegations in Paragraph 32 of the Complaint.

33.     Bloomberg denies the allegations in Paragraph 33 of the Complaint.

34.     Bloomberg denies the allegations in Paragraph 34 of the Complaint, except admits it knew that, from time to time, certain Global Customer Service Representatives worked beyond their regularly scheduled hours.

35.     Bloomberg denies the allegations in Paragraph 35 of the Complaint.

36.     Bloomberg denies the allegations in Paragraph 36 of the Complaint, except admits that certain GCUS representatives worked on weekends and holidays.

37.     Bloomberg admits the allegations in Paragraph 37 of the Complaint.

38.     Bloomberg denies the allegations in Paragraph 38 of the Complaint.

39.     Bloomberg admits the allegations in Paragraph 39 of the Complaint, but denies that it was obligated to pay such compensation.

40.     Bloomberg denies the allegations in Paragraph 40 of the Complaint.

41.     Bloomberg denies the allegations in Paragraph 41 of the Complaint.

42.     Bloomberg respectfully submits that Paragraph 42 of the Complaint is too vague and indefinite to allow a response, and on that basis Bloomberg denies the allegations in Paragraph 42 of the Complaint.

<u>AS TO THE "CAUSES OF ACTION"</u>

43.     Bloomberg denies the allegations in Paragraph 43 of the Complaint.

44.     Bloomberg denies the allegations in Paragraph 44 of the Complaint.

45.     Bloomberg denies the allegations in Paragraph 45 of the Complaint.

46.     Bloomberg denies the allegations in Paragraph 46 of the Complaint.

47.     Bloomberg denies the allegations in Paragraph 47 of the Complaint.

48.     Bloomberg denies the allegations in Paragraph 48 of the Complaint.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Bloomberg demands a trial by jury on all issues triable by jury under applicable law.

**<u>AFFIRMATIVE DEFENSES</u>**

Bloomberg alleges the following separate and independent affirmative defenses to the Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and/or individuals she purports to represent are not entitled to overtime compensation because they were exempt from the overtime provisions of the Fair Labor Standards Act under one or more exemptions, or combination of exemptions, including but not limited to the administrative exemption.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or individuals she purports to represent are exempt from coverage under the New York Labor Law, and therefore not entitled to overtime compensation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by statutory exclusions, exceptions, or credits under the Fair Labor Standards Act or state law.

## SIXTH AFFIRMATIVE DEFENSE

If Defendant's failure to pay overtime wages was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's failure to pay Plaintiff overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant had a good faith basis to believe that any underpayment of wages to Plaintiff and/or the putative class members was in compliance with the New York Labor Law, and therefore Plaintiff and/or the class members are not entitled to a liquidated damages payment under the New York Labor Law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members have received full payment for all work performed, thereby barring Plaintiff's and/or the purported class members' claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset against any amounts due (which are denied), an amount equal to the amount Defendant paid, or overpaid, the Plaintiff, including any amounts paid to the Plaintiff under the "fluctuating workweek" provisions of the Fair Labor Standards Act.

### TWELFTH AFFIRMATIVE DEFENSE

Putative class members' claims for relief are barred to the extent that any putative class member has waived or released his or her right to assert any such claims against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claims for relief are barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff and/or the class of persons Plaintiff purport to represent.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because the claims contained therein are barred by the wage and hour laws' *de minimis* exception.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims relate in part to alleged time constituting preliminary and postliminary activities under the Portal to Portal Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because Plaintiff and/or individuals she purports to represent may not recover liquidated damages and/or prejudgment interest.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because the claims contained therein are barred by the labor law preemption doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's overtime claims are not appropriate collective action claims and may not be certified to proceed as a collective action pursuant to 29 U.S.C. § 216.

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Complaint are not proper for treatment as a collective or class action because, among other reasons: (a) Plaintiff is not similarly situated to the individuals she purports to represent; (b) Plaintiff lacks standing to assert the legal rights or interests of others; (c) Plaintiff is an inadequate representative of the purported class (the existence of which is expressly denied); (d) Plaintiff cannot establish the commonality of her claims; (e) Plaintiff cannot establish the typicality of her claims; and (f) the individualized nature of the claims and alleged damages of the Plaintiff and the putative class make class treatment inappropriate.

Bloomberg presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  Bloomberg therefore reserves the

right to assert additional affirmative defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Bloomberg respectfully requests that the Court deny the relief Plaintiff requested in the Complaint and enter judgment dismissing the Complaint with prejudice, and awarding Bloomberg such other and further relief as this Court shall deem just and proper.


Dated:  May 7, 2013
      New York, New York

WILLKIE FARR & GALLAGHER LLP

By:  /s/ Deirdre N. Hykal
     (A Member of the Firm)

Thomas H. Golden
Deirdre N. Hykal
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
tgolden@willkie.com
dhykal@willkie.com

*Attorneys for Defendant Bloomberg L.P.*