IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**SHAVEZ JACKSON, individually and on behalf of others similarly situated,**

            **Plaintiffs,**

-v-

**BLOOMBERG L.P.,**

            **Defendant.**

Case No. 13 CV 2001 (JPO)(GWG)

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND FOR FINAL APPROVAL OF CLASS COUNSEL'S FEES AND COSTS**

WHEREAS, The above-entitled matters came before the Court on Plaintiffs' Motion for Final Approval of Class Settlement and Approval of Class Counsel's Fees and Costs ("Motion for Final Approval"), which Defendant did not oppose;

On March 19, 2014, the Court certified this case as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 209 *et seq*. ("FLSA"), and a Rule 23 class action under the New York Labor Law ("NYLL") (Doc. 31);

On February 25, 2016, the parties entered into the final Settlement Agreement and Release (the "Agreement"), which resolves all claims asserted in the Litigation; (Doc. Nos. 112-1 to 112-4);

On March 28, 2016, Plaintiffs moved for preliminary approval of the Agreement, which Defendant did not oppose. (Doc. No. 110).

On April 5, 2016, the Court granted preliminary approval of the Agreement and authorized the issuance of Notice to Class Members. (See Doc. 113). The Court also approved the form of the Notice of Class Action Settlement ("Notice") and authorized the mailing of the Notice to the Class Members. (*Id.*)

NOW, THEREFORE, IT HEREBY IS ORDERED, upon consideration of the Motion for Final Approval, the supporting brief, declarations, arguments presented at the fairness hearing on July 13, 2016, and the complete record in this matter, for good cause shown, that:

1. Except as otherwise specified herein, for purposes of this Order the Court adopts the definition of all capitalized terms used herein as set forth in the Agreement;

2. This Court has jurisdiction over the subject matter of this Action and all matters relating thereto, and over all Parties;

3. The Court confirms the certification of the Rule 23 class asserting State Law claims for purposes of settlement, including changes to the definition of Class Members as ordered in the preliminary approval order;

4. The Court confirms the appointment of Getman & Sweeney, PLLC as Class Counsel;

5. The Court confirms its designation of an FLSA collective action pursuant to 29 U.S.C. § 216(b). The Court finds that certain individuals (Named Plaintiff, FLSA Opt-Ins, Participating Class Members) have opted into this FLSA collective action, and that these individuals are similarly situated for purposes of settlement, and the Court therefore certifies this group as a collective action.

6. If, for any reason, this Final Approval Order and the final judgment entered concurrently herewith do not become Final, this Final Approval Order shall be vacated; the Parties shall return to their respective positions in this Litigation as those positions existed immediately before the

Parties executed the Agreement; and nothing stated in the Agreement or any papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

7.     The Notices to Class Members, pursuant to this Court's April 5, 2016 Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the United States Constitution and any other applicable law.

8.     The Court grants final approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Getman Decl. as Exhibit 1. The Court finds that the settlement, including the settlement of FLSA claims, is fair, reasonable and adequate in all respects and that it is binding on Named Plaintiff, FLSA Opt-Ins, Participating Class Members and Affected Class Members; and all Class Members who did not timely opt out pursuant to the procedures set forth in this Court's April 5, 2016 Order and the Agreement.  A list of Class Members who timely opted out is attached to the Final Judgment as Exhibit A.  The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

9.     The Court approves the requested Service Awards to Discovery Representatives of $5,000.00 (five thousand dollars) each, as well as the enhanced Service Award to the Named Plaintiff of $100,000 (one hundred thousand dollars).  Such Service Awards are in addition to the

amounts these individuals will otherwise be eligible to receive as their share of the recovery and shall be paid from the Settlement Amount. Such Service Awards are to compensate Named Plaintiff and the Discovery Representatives for the time and effort expended in assisting in the prosecution of the Litigation and the ultimate recovery.

10. The Court approves an award of attorneys' fees in the amount of $944,000 (29.5% of the Settlement Fund). Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained.

11. The Court also awards Class Counsel reimbursement of Litigation expenses, including settlement administration costs, in the amount of $28,501.88.

12. The attorneys' fees awarded, the amount in reimbursement of litigation costs and expenses, and the amount in reimbursement of settlement administration costs shall be paid from the Settlement Amount.

13. The Court approves of the release of the Released Claims, as defined in the Settlement Agreement in Sections 10.1, 10.2 and 10.4, which shall be binding on Named Plaintiff and all Class Members other than Non-Participating Class Members. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and Fed. R. Civ. P. 23 and all other applicable law.

14. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Named Plaintiff and the other Class Members, individually or collectively, liability being expressly denied by Defendant.

15. The parties shall proceed with the administration of the settlement in accordance with the terms of the Agreement.

16. Neither this Order, Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence that any party has prevailed in this case, or that the Defendants or others have engaged in any wrongdoing.

17. This entire case is dismissed on the merits and with prejudice. This Final Order shall bind, and have res judicata effect with respect to the claims of Named Plaintiff and all Class Members other than Non-Participating Class Members.

18. Without affecting the finality of this Final Order, the Court will retain jurisdiction over the case after Final Approval solely for purposes of (i) enforcing the Agreement, (ii) addressing settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law. The parties shall abide by all terms of the Settlement Agreement and this Order.

It is so ORDERED this 14th day of July, 2016.

_____
J. PAUL OETKEN
United States District Judge